UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| THOMAS PAUL BRICHETTO, JR. | ) | |
|---|---|---|
| Movant, | ) ) ) | |
| v. | ) ) | 2:03-cr-00024-GZS 2:11-cv-00045-GZS |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent | ) | |

**RECOMMENDED DECISION**

Thomas Brichetto has filed a "Petition for a Writ of Error Coram Nobis," claiming that his criminal conviction should be vacated for the following three reasons: (1) he was denied effective assistance of counsel because defense counsel never moved for a competency hearing; (2) the District Court's failure to order a sua sponte evaluation and competency hearing constituted plain error; and (3) he was denied a fair trial in violation of the Fifth and Sixth Amendments in the absence of a judicial determination that he was mentally competent to stand trial. I now recommend that the court summarily dismiss the petition pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings.

**Discussion**

Brichetto candidly acknowledges that he previously filed a motion pursuant to 28 U.S.C. § 2255 and that he cannot meet the 'gatekeeping' requirements to file a second or successive motion to vacate. (Petition at 24, Doc. No. 134.) Brichetto argues that the inmate upon whom he relied to file his first § 2255 motion did an inadequate job because he failed to raise these issues of mental competence. Thus, in Brichetto's view, extraordinary circumstances exist necessitating this court's intervention in order to avoid a complete miscarriage of justice. Brichetto relies primarily upon a 1954 Supreme Court case recognizing the availability of the ancient writ in some circumstances to challenge a criminal conviction

even after the passage of 28 U.S.C. § 2255. See United States v. Morgan, 346 U.S. 502, 511-514 (1954). From there, Brichetto turns to an inapposite 2009 Supreme Court case, United States v. Denedo, __ U.S. __, 129 S. Ct. 2213, 2223-2224 (2009), discussing the availability of the writ of coram nobis in the context of the jurisdiction of an Article I military appellate court. The more recent case, like United States v. Morgan before it, has nothing to do with the current version of 28 U.S.C. § 2255, as modified by the Anti-Terrorism and Effective Death Penalty Act of 1996.

The case most on point, and one cited by Brichetto, albeit for other purposes altogether, is Trenkler v. United States, 536 F.3d 85, 97-98 (1st Cir. 2008):

> A close analysis of the substance of the petition in this case leaves no doubt but that, regardless of its label, the petition falls within the compass of section 2255. On its face, the petition is brought on behalf of a federal prisoner still in custody and challenges his sentence as unauthorized under the statutes of conviction. This is a classic habeas corpus scenario, squarely within the heartland carved out by Congress in section 2255. *See* 28 U.S.C. § 2255(a) (offering a means of post-conviction relief to "[a] prisoner in custody under sentence of a [federal] court" who claims "that [his] sentence was in excess of the maximum authorized by law"). As such, the claim embodied in the petition is one cognizable in a section 2255 proceeding. Therefore, the district court should have recharacterized the petition as a section 2255 petition and proceeded accordingly.

Brichetto's claim, that he is in custody under a judgment that violates the Constitution of the United States, is every bit as much within the plain word meaning of 28 U.S.C. § 2255(a) (offering a means of post-conviction relief to "[a] prisoner in custody under sentence of a [federal] court" who claims "that the sentence was imposed in violation of the Constitution"). Brichetto cannot escape the dreaded "gatekeeping" of § 2255 by inventive captioning of his motion. "The writ of coram nobis may not be used to circumvent the clear congressional directive embodied in the 'second or successive' provisions of § 2255." United States v. Barrett, 178 F.3d 34, 55 (1st Cir. 1999).

Following the First Circuit's directive in Trenkler, this court has no alternative but to recharacterize the petition as one brought pursuant to 28 U.S.C. § 2255 and order that it be summarily dismissed because it is plainly a second or successive petition attempting to raise issues that admittedly

2

could and should have been raised in the first § 2255 motion. Pursuant to 28 U.S.C. § 2244 (a) this court cannot hear this second petition unless Brichetto receives approval to file the petition from the Court of Appeals pursuant to § 2255 (h).

> Prisoners cannot avoid the AEDPA's rules by inventive captioning. Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, is a motion under § 2255, no matter what title the prisoner plasters on the cover. Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.

Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) (citations omitted).

## Conclusion

Based upon the foregoing I recommend that the court recharactierize this petition as one brought pursuant to 28 U.S.C. § 2255 and then summarily dismiss it because it is an unauthorized second or successive petition. I further recommend that a certificate of appealability should not issue in the event Brichetto files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

February 11, 2011