UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| THOMAS PAUL BRICHETTO, JR., | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 2:03-CR-00024-GZS |
| | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Respondent | ) | |

**RECOMMENDED DECISION**

Thomas Paul Brichetto, Jr., has filed a motion pursuant to Rule 60(b)(6) and Rule 60(d)(1) of the Federal Rules of Civil Procedure, requesting that this court re-open and reconsider the motion he filed under 28 U.S.C. § 2255, which motion the court denied in December 2006.[1]  Brichetto alleges that constitutional error underlies his 32-year sentence and that a grave miscarriage of justice will result if he is not heard.  (Motion to Re-Open, ECF No. 151.)  Additionally, Brichetto has filed a motion requesting that I recuse myself from considering his Rule 60 motion.  In support of the recusal motion Brichetto contends, inaccurately, that I previously recused in connection with his original section 2255 motion.  (Motion for Recusal, ECF No. 159.)

The motion requesting my recusal is denied.  As for the merits of the motion to reopen, although it is styled a motion under Rule 60, in fact it amounts to a second or successive section 2255 motion.  Consequently, this court lacks jurisdiction to consider the motion until such time as a panel of the First Circuit Court of Appeals should certify that his motion raises a new rule of

---

[1]  The prior motion was docketed as case number 2:06-CV-00057-GC.


constitutional law, previously unavailable and made retroactive to cases on collateral review by the Supreme Court.  28 U.S.C. §§ 2244(a), 2255(h)(2).[2]

## BACKGROUND

On January 5, 2004, a jury found Brichetto guilty of violating 18 U.S.C. §§ 2113(a), 2113(d), and 2 (count I—bank robbery and aiding and abetting bank robbery);  guilty of violating 18 U.S.C. § 924(c)(1)(A)(ii) (count II—using, carrying, and brandishing a firearm during and in relation to the commission of a violent felony);  and not guilty of violating 18 U.S.C. §§ 922(g)(1) and 924(e) (count III—felon in possession of a firearm).  On May 19, 2004, the court entered judgment, imposing a 300-month term of imprisonment on count I and an 84-month term of imprisonment on count II, to be served concurrently.  (Judgment, ECF No. 119.)  In a memorandum of sentencing judgment, the court concluded that Brichetto was convicted of more than two prior felony crimes of violence and met the additional requirements of the career offender guideline found in United States Sentencing Guidelines § 4B1.1.  Consequently, the court elevated the guidelines offense level to 34 instead of using the otherwise applicable adjusted offense level of 26.  (Mem. of Sentencing Judgment, ECF No. 119.)  The court found a criminal history category of VI, resulting in a guideline range for count I of between 262 and 327 months.  (Id.)

On direct appeal Brichetto challenged the court's failure to direct a verdict in his favor or grant a new trial based on the seeming inconsistency between the jury's verdict concerning count II and count III.  The Court of Appeals affirmed the convictions.  (ECF No. 130.)

On March 13, 2006, Brichetto filed his first motion to vacate, set aside, or correct his sentence pursuant to 29 U.S.C. § 2255.  (See Case No. 2:06-CV-00057-GC.)  On April 24, 2006,

---

[2] Newly discovered evidence can also support a second or successive motion, 28 U.S.C. § 2255(h)(1), but Brichetto's motion to reopen does not suggest the existence of such evidence.

after I issued an order instructing the United States to answer Brichetto's motion, Brichetto filed a motion for my recusal, complaining that he felt I exhibited "prejudice and bias" years earlier when I sentenced him, as a state court judge, for violation of probation and when I ruled against him in connection with a post-conviction review proceeding.  (ECF No. 5.)  Brichetto's motion for my recusal was never granted.  Instead, Judge Carter mooted the motion based on his decision to simply handle the habeas motion directly, without referring it for report and recommendation.  (ECF No. 6.)  Judge Carter denied Brichetto's section 2255 motion on the merits, rejecting, among other arguments, an assertion that he had erred in treating certain prior convictions as crimes of violence and not submitting the question to the jury.  The court's primary rationale was that Brichetto failed to preserve the arguments on direct appeal and failed to argue any exceptions to the procedural default rule.  (ECF No. 12.)  However, as to a claim of ineffective assistance of counsel, the court addressed the merits of Brichetto's assertion that his counsel erred by failing to argue that a Maine burglary conviction was not a crime of violence.  Relying on First Circuit precedent that has since been overturned[3], the court concluded that the law was clear that a conviction under Maine's burglary statute amounted to a crime of violence and that, consequently, counsel was not ineffective for failing to argue otherwise.  (Id. at 9-10.)

On February 4, 2011, Brichetto filed a motion for writ of error coram nobis, which can be found on the instant docket, case number 2:03-CR-00024-GZS.  (ECF No. 134.)  On February 11, 2011, I issued a report and recommended decision advising the court to summarily dismiss the motion because it amounted to a second or successive habeas petition and the court lacked jurisdiction to hear it.  (ECF No. 138.)  The court agreed and adopted the recommendation.  (ECF No. 142.)  The Court of Appeals affirmed the dismissal in June 2011 in the absence of a

---

[3]     United States v. Rodriguez, 311 F.3d 435 (1st Cir. 2002), cert. denied, 538 U.S. 937 (2003), abrogated by United States v. Giggey, 551 F.3d 27 (1st Cir. 2008) (overruling United States v. Sawyer, 144 F.3d 191 (1st Cir. 1998), and United States v. Fiore, 983 F.2d 1 (1st Cir. 1992), cert. denied, 507 U.S. 1024 (1993)).

showing by Brichetto that reasonable jurists could find the dismissal debatable or wrong. (ECF No. 149.)

Brichetto filed his current motion on July 8, 2013. (ECF No. 151.) In this motion he requests that the court reopen the section 2255 motion he filed in March 2006, pursuant to Rule 60(b) and Rule 60(d) of the Federal Rules of Civil Procedure, based on legal developments that transpired in the interim, discussed below.

## DISCUSSION

For reasons that follow, the motion for recusal is denied and the court is advised to dismiss Brichetto's Rule 60 motion.

**A.  Motion for Recusal (ECF No. 159)**

The law requires that a judicial officer recuse, or disqualify himself or herself, "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The statute lists additional, specific circumstances where disqualification is mandatory, including circumstances involving personal bias or prejudice toward a party. Id. § 455(b)(1). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). Moreover, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Id. "[J]udicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." Id.; See also United States v. Pulido, 566 F.3d 52, 64 (1st Cir. 2009) (finding no appearance of partiality in judge's assessment in a related case that the defendant was "thoroughly corrupt" and

4

judge's subsequent statement at the defendant's sentencing that the defendant was "utterly without redeeming qualities").

Contrary to Brichetto's representation, there was no prior recusal on my part. A review of the docket entries indicates merely that Brichetto sought my recusal when he first filed a section 2255 motion. Brichetto's motion was never granted. Rather, it was mooted when Judge Carter indicated that he would address Brichetto's motion directly. Thereafter, Judge Carter issued an order on Brichetto's original section 2255 motion, without referring the matter for report and recommendation. Subsequently, I issued a recommended decision in connection with Brichetto's petition for a writ of error coram nobis. (ECF No. 138.) There is no reason why I should not have done so. Nor am I aware of any grounds upon which I should recuse myself from considering Brichetto's current motion to reopen his section 2255 motion. I bear no bias or prejudice toward Brichetto and see no reasonable basis upon which my impartiality could be questioned.

Brichetto claims that I presided, as a state court judge, over a sentencing hearing associated with a violation of probation, conducted in 1996, and a post-conviction review proceeding. (Aff. in Support of 2006 Recusal Mot., ¶¶ 8-11, Case No. 2:06-cv-00057, ECF No. 5-1.) Although I have no personal recollection of these events, the fact that I presided over state proceedings involving Brichetto may well be true. In any event, that fact in no way undermines my ability to consider, impartially, the current pleadings, which arise from a 2003 conviction before Judge Carter on unrelated federal charges.

**B.     Motion to Re-Open (ECF No. 151)**

Brichetto's latest filing is subject to a statutory bar that restricts the ability of prisoners to pursue multiple habeas motions or petitions challenging the same federal conviction or sentence.

In 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, which, among other things, introduced a bar against a federal prisoner filing a second or successive habeas motion absent certification by the appropriate court of appeals that the motion contained either (1) newly discovered evidence capable of establishing by a clear and convincing evidentiary standard that no reasonable factfinder would have found the prisoner guilty or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h) (referencing the certification requirement of 28 U.S.C. § 2244).  Pursuant to this statutory provision, a district court lacks jurisdiction to address the merits of a second or successive habeas motion attacking the constitutionality of a federal conviction or sentence "unless and until the court of appeals has decreed that it may go forward."  Trenkler v. United States, 536 F.3d 85, 96 (1st Cir. 2008) (quoting Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997)).  See also 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.");  Rules Governing Section 2255 Cases, Rule 9 (imposing the same requirement).

      Brichetto attempts to avoid the jurisdictional bar raised by section 2255(h) by advancing his motion not as a 2255 motion, but rather as a Rule 60 motion for relief from Judge Carter's 2006 order denying his initial section 2255 motion.  Brichetto relies on subsections (b)(6) and (d) of Rule 60, which permit the court to "relieve a party . . . from a final judgment" or "entertain an independent action" for that purpose for, essentially, any reason not otherwise identified in the Rule.  Fed. R. Civ. P. 60(b), (d).  However, the Rule runs headlong into the section 2255(h) bar because Brichetto's Rule 60 motion is, in substance, a renewed section 2255(a) motion asserting

that his sentence was imposed in violation of the Constitution or was in excess of the maximum authorized by law.

"Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 [paragraph] 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover." Trenkler, 536 F.3d at 97 (emphasis in original) (quoting Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004)).  In fact, the First Circuit Court of Appeals has pointedly held that a Rule 60(b) motion challenging the constitutionality of an underlying conviction or sentence should be treated as a second or successive filing under the AEDPA where the predicate for the Rule 60(b) motion "constitutes a direct challenge to the constitutionality of the underlying conviction." Munoz v. United States, 331 F.3d 151, 152 (1st Cir. 2003) (per curiam) (involving a 2255 motion);  Rodwell v. Pepe, 324 F.3d 66, 70 (1st Cir. 2003) (involving a 2254 petition).

Brichetto's Rule 60 motion is predicated on a change in circuit precedent related to whether a non-residential burglary amounts to a crime of violence under sentencing guideline 4B1.1 (the career offender guideline), see United States v. Giggey, 551 F.3d 27, 28 (1st Cir. 2008) (en banc) (holding that such burglaries are not per se crimes of violence and that determination of the issue "turns on the application of a categorical approach under § 4B1.2(a)(2)'s residual clause"), and a recent Supreme Court opinion related to whether a California burglary conviction could be treated as a "violent felony" under the Armed Career Criminal Act based on application of a "modified categorical approach," Descamps v. United States, 133 S. Ct. 2276, 2293 (2013) (holding that the modified categorical approach amounted to improper judicial factfinding because the California burglary statute contained a single, indivisible set of elements that did not include unlawful entry, a generic burglary element, such

that a conviction under the statute "is never for generic burglary").  Brichetto believes that if the teachings of Descamps and Giggey were retroactively applied to his sentencing, then none of his non-residential burglary predicates[4] would be a crime of violence and he might achieve a substantially reduced sentence by avoiding the career offender enhancement.  (Motion to Reopen at 3-7.)  The argument is clearly a direct challenge to the constitutionality and legality of the sentence imposed by the court and, therefore, should be treated as a second or successive filing under the AEDPA.[5]

## CONCLUSION

Brichetto's motion for recusal (ECF No. 159) is denied.  As for his motion to reopen (ECF No. 151), I recommend that the Court deny the motion without prejudice to Brichetto's right to file a new 28 U.S.C. § 2255 motion should he ever obtain the First Circuit Court of Appeal's certification to do so.  I further recommend that a certificate of appealability should not issue in the event Brichetto files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. §  2253(c).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

---

[4] It is not entirely clear how many such burglaries are at issue, but it appears there was at least one.  Nor is it clear, or necessary to determine at this time, whether there were sufficient other convictions in Brichetto's criminal history to support the career offender status.

[5] In a post-reply filing dated August 26, 2013 (ECF No. 161), Brichetto asks that the court take judicial notice of United States v. Edwards, ___ F.3d ___, 2013 U.S. App. Lexis 16936, 2013 WL 4105532 (9th Cir. Aug. 8, 2013), in which, he says, the Ninth Circuit invoked its authority under Rule 60(b) to reopen a habeas proceeding and remand for resentencing based on application of Descamps.  In fact, the Edwards Court addressed a Descamps issue on direct appeal.  The Court's opinion has nothing whatsoever to say about second or successive collateral attacks disguised as Rule 60(b) motions.

      Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

August 28, 2013            /s/ Margaret J. Kravchuk
                                       U.S. Magistrate Judge