UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| THOMAS PAUL BRICHETTO, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) 2:03-cr-00024-GZS |
| | ) 2:11-cv-00045-GZS |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent | ) |

# RECOMMENDED DECISION
## ON 28 U.S.C. § 2255 MOTION and MOTION TO STRIKE

In this action, Petitioner Thomas Paul Brichetto, Jr., moves, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence. (Motion, ECF No. 168.) The First Circuit granted Petitioner leave to file the motion "to pursue in the district court a challenge to his 'career offender' designation based on [*Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015)]." (*Brichetto v. United States*, No. 16-1796 (1st Cir. Nov. 30, 2017).)[1]

---

[1] In *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015), the Supreme Court held unconstitutionally vague the so-called "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA); the residual clause, contained in section 924(e)(2)(B)(ii), defined a "violent felony," for purposes of an enhanced sentence based on prior convictions, as "any felony that 'involves conduct that presents a serious potential risk of physical injury to another.'" 135 S. Ct. at 2555-57.

In Petitioner's case, the First Circuit noted that its decision to grant leave to pursue a second or successive 28 U.S.C. § 2255 motion was in accordance with its decisions in *Hardy v. United States*, 871 F.3d 85 (1st Cir. 2017), and *Moore v. United States*, 871 F.3d 72 (1st Cir. 2017). (*Brichetto v. United States*, No. 16-1796 (1st Cir. Nov. 30, 2017).) In *Moore*, the First Circuit granted the petitioner authorization "to argue in the district court that the new rule created by [*Johnson*] invalidates the residual clause of the career offender guideline applied at his sentencing, which occurred before *United States v. Booker*, [543 U.S. 220 (2005)], made the guidelines advisory." 871 F.3d at 74 (citing *Booker*, 543 U.S. at 245). The Court explicitly expressed no opinion as to whether Petitioner's claim under *Johnson* has merit; whether the claim is timely and/or procedurally defaulted; or whether the motion contains any additional claims that present gatekeeping issues under 28 U.S.C. § 2255(h). (*Brichetto*, No. 16-1796 (1st Cir. Nov. 30, 2017).)

Petitioner's motion to strike two exhibits attached to the Government's response is also pending; the Government submitted the exhibits as evidence of two prior Maine state court burglary convictions. (Motion to Strike, ECF No. 181; Response, ECF No. 177 at 22 & n.10; Attachments, ECF Nos. 177-2, 177-3.)

Following a review of the section 2255 motion and the record, and after consideration of the parties' arguments, I recommend the Court dismiss the section 2255 motion, and recommend the Court dismiss as moot the motion to strike.

## I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In December 2001, Petitioner and three accomplices robbed at gunpoint a branch of a credit union in Gorham, Maine. *United States v. Brichetto*, 121 F. App'x 876, 876 (1st Cir. 2005). In 2004, following a jury trial, Petitioner was convicted of one count of armed bank robbery, 18 U.S.C. § 2113(a), (d), § 2 (Count 1), and one count of using and carrying a firearm in relation to a crime of violence, 18 U.S.C. § 924(c)(1)(A)(ii) (Count 2).[2] (Indictment, ECF No. 4; Jury Verdict, ECF No. 96; Judgment, ECF No. 119 at 1.) The Court sentenced Petitioner to prison terms of 300 months on Count 1, and 84 months on Count 2, to be served consecutively to the term on Count 1. (Judgment at 2.) The prison terms were to be followed by terms of supervised release of five years on each count, to be served concurrently. (*Id.* at 3.)

At sentencing, the Court found Petitioner was a career offender under the sentencing guidelines, pursuant to USSG § 4B1.1, based on two or more prior felony crimes of

---

[2] The jury found Petitioner not guilty of a felon-in-possession offense, 18 U.S.C. § 922(g)(1), 924(e) (Count 3). (Indictment, ECF No. 4 at 2; Jury Verdict, ECF No. 96 at 2.)

violence, as set forth in the revised presentence investigation report. (Sentencing Tr., ECF No. 123 at 32-34; Report, ¶¶ 28-36.) The addendum to the revised presentence investigation report and the sentencing transcript reflect that Petitioner did not object to the finding that he had five career offender predicate convictions (Sentencing Tr. at 32-34.) Two of the prior offenses (¶¶ 28, 29) were Maine residential burglaries; three were non-residential burglaries – two in Maine (¶¶ 31, 34) and one in Massachusetts (¶ 33).[3]

The uncontroverted record does not reflect that the Court found as fact, either at sentencing or in a prior habeas proceeding, that Petitioner's prior Maine burglary offenses were predicates based on the career offender residual clause then in effect, USSG § 4B1.2(a)(2). (Response at 10; Reply, ECF No. 180 at 5-6.) Petitioner, however, contends the Court's citation to *United States v. Rodriguez*, 311 F.3d 435 (1st Cir. 2002), in one of his prior habeas proceedings, demonstrates that he had been sentenced based on the Court's determination that the prior Maine burglaries qualified as career offender predicates under the residual clause. (Reply at 5-6.)

Because the Court found that Petitioner qualified as a career offender, the Court determined the total offense level was 34, rather than the lower level of 26 that otherwise

---

[3] The revised presentence investigation report refers to each of the two Maine burglaries at issue in the pending section 2255 motion as a "residential burglary." (Report, ¶¶ 28, 29.) Because nothing in this recommended decision turns on whether the reference is to "residential burglary," as in the revised presentence investigation report, or "burglary of a dwelling," as in the version of USSG § 4B1.2(a)(2) in effect when Petitioner was sentenced, no distinction is made in this recommended decision.

The Government represents that its review of the *Shepard* documents, *see Shepard v. United States*, 544 U.S. 13, 16 (2005), for one of the burglaries listed as a residential burglary in the revised presentence investigation report (Report, ¶ 34) reveals the burglary was of a business rather than a residence. (Response, ECF No. 177 at 22 n.10.)

3

would have applied to Count 1.[4] (Sentencing Tr. at 32-33.) The Court also found a criminal history Category VI; according to a portion of the presentence investigation report on which the Court relied at sentencing, Category VI applied based on either Petitioner's career offender status or his 21 criminal history points. (*Id.* at 33-35; Report ¶¶ 35-36.) The Court noted that because Petitioner was convicted under 18 U.S.C. § 2113(d), which provides a statutory maximum of 25 years (300 months), the guidelines range was 262 to 300 months, rather than the otherwise applicable range of 262 to 327 months. (Sentencing Tr. at 34-35.)

The Court sentenced Petitioner to the statutory maximum of 300 months on Count 1, pursuant to 18 U.S.C. § 2113(d), and to the statutory minimum of 84 months in prison on Count 2, pursuant to 18 U.S.C. § 924(c)(1)(A)(ii), to be served consecutively to the term on Count 1, pursuant to section 924(c)(1)(D)(ii). (Sentencing Tr. at 36-37; Judgment at 1-2.) The Court assessed the sentencing factors, pursuant to 18 U.S.C. § 3553(a), relevant to the sentence, and explained the bases of the sentence:

> The reasons for this sentence are that I consider this defendant to be a principal actor in the offense conduct, that this was severely egregious conduct posing inordinate and unjustifiable risk to the public safety, specifically to the safety of those who happened to be in the institution that was the subject of the robbery and more specifically to the safety of [a teller at the credit union].

(Sentencing Tr. at 38-39.)

---

[4] At sentencing, the Court noted that the Government withdrew, but preserved its argument, that an additional two-level increase would have applied to the non-career offender total offense level, on the basis Petitioner was a leader, supervisor, or manager. (Sentencing Tr., ECF No. 123 at 32-33.) *See* USSG § 3B1.1(c).

4

Petitioner argued on appeal that the jury verdict was inconsistent given the acquittal on the felon-in-possession charge; the First Circuit concluded there was "more than sufficient evidence" to find Petitioner guilty on Counts 1 and 2, and the Court affirmed the conviction.[5] *Brichetto*, 121 F. App'x at 876-78.

In this action, Petitioner contends he is entitled to relief under *Johnson* from both the career offender sentence on Count 1 and the 18 U.S.C. § 924(c) sentence on Count 2.[6] (Motion at 5-6.)

## II. DISCUSSION

### A. Background on *Johnson*

Petitioner challenges the Court's career offender sentence enhancement, which was based on prior "crimes of violence" under the sentencing guidelines; his claim, and the First Circuit's authorization, are based on *Johnson*, which addressed a sentencing enhancement pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA). Section 924(e)(1) provides in part that a defendant "who violates [18 U.S.C. § 922(g)] and has three previous convictions . . . for a violent felony or a serious drug offense, or both,

---

[5] The First Circuit also noted Petitioner "appropriately waived [his] *Booker* claim of sentencing error . . . ." *Id.* at 878. The prior waiver under *Booker* pre-dated *Johnson* and has no bearing on the *Johnson* claim authorized by the First Circuit.

[6] Petitioner initially filed the *Johnson* claim on June 20, 2016, in the First Circuit, in an application for leave to file a second or successive section 2255 motion. (*Brichetto v. United States*, No. 16-1796, First Circuit Docket Record.) In November 2017, the First Circuit granted the application, and the Court ordered the matter transferred to this Court for filing as a section 2255 motion. (*Brichetto*, No. 16-1796 (1st Cir. Nov. 30, 2017).) The Court directed the motion to be "deemed filed in the district court on the date petitioner's *original* second or successive application was filed" in the First Circuit. (*Id.*) The *Johnson* claim, therefore, is deemed filed in this Court on June 20, 2016.

5

committed on occasions different from one another, . . . shall be . . . imprisoned not less than fifteen years . . . ." Section 924(e)(2)(B) provides:

> [T]he term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, . . . that—
>
> **(i)** has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> **(ii)** is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Section 924(e)(2)(B)(i) is known as the "force" clause or the "elements" clause; the provision of section 924(e)(2)(B)(ii) that references burglary, arson, extortion, or the use of explosives is known as the "enumerated offenses" clause; the remainder of section 924(e)(2)(B)(ii), *i.e.*, the provision "or otherwise involves conduct that presents a serious potential risk of physical injury to another," is known as the "residual" clause. *United States v. Starks*, 861 F.3d 306, 314 (1st Cir. 2017); *United States v. Edwards*, 857 F.3d 420, 422-23 & n.2 (1st Cir. 2017).

In *Johnson*, the Court left intact the force clause and the enumerated offenses clause of section 924(e)(2)(B): "Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." 135 S. Ct. at 2563. In *Welch v. United States*, --- U.S. ---, 136 S. Ct. 1257, 1268 (2016), the Supreme Court held that "*Johnson* announced a substantive rule that has retroactive effect in cases on collateral review."

In *Beckles v. United States*, --- U.S. ---, 137 S. Ct. 886 (2017), the Supreme Court held that *Johnson* does not apply to career offender sentences imposed after the sentencing

6

guidelines became advisory, *i.e.*, after the Supreme Court's 2005 decision in *Booker*. 137 S. Ct. at 890, 894. *Beckles* did not involve the issue of whether *Johnson* applies to sentences imposed before *Booker*, when the sentencing guidelines were mandatory. *Id.* at 903 n.4 (Sotomayor, J., concurring).

The career offender provision of the sentencing guidelines, USSG § 4B1.1, provides in relevant part: "A defendant is a career offender if . . . (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1(a). Section 4B1.2(a) provided at the time of Petitioner's sentencing:

> The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year that –
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

After *Johnson*, the residual clause was deleted from section 4B1.2. USSG Supp. to App. C, amend. 798 (Aug. 1, 2016). However, the amendment does not apply retroactively. USSG § 1B1.10; *United States v. Strevig*, 663 F. App'x 908, 912 (11th Cir. 2016) (per curiam) ("The Sentencing Commission . . . has not made Amendment 798 retroactive to individuals sentenced prior to the effective date of the amendment.").

**B. Claim and Analysis**

  **1. The successive section 2255 motion**

The First Circuit authorized Petitioner to pursue his claim that *Johnson* invalidates his career offender sentence because the sentence was imposed when the guidelines were mandatory.[7] (*Brichetto*, No. 16-1796 (1st Cir. Nov. 30, 2017).)

As the First Circuit noted in *Moore*, before this Court may address the merits of a second or successive section 2255 motion, it must conduct the gatekeeping analysis required under 28 U.S.C. § 2244(b)(4) and section 2255(h): "[T]he district court is required to redo the very analysis performed in this opinion before entertaining a successive § 2255 motion." *Moore*, 871 F.3d at 85. Section 2244(b)(4) provides: "A district court shall

---

[7] It appears the First Circuit's authorization relates to the career offender portion of the sentence only. (*Brichetto*, No. 16-1796 (1st Cir. Nov. 30, 2017).) Petitioner also includes a *Johnson* claim under 18 U.S.C. § 924(c) (Motion at 6), and thus he evidently intends to raise a *Johnson* challenge not only the career offender portion of his sentence, but also his conviction under section 924(c). The First Circuit did not explicitly authorize the claim. (*Brichetto*, No. 16-1796 (1st Cir. Nov. 30, 2017).) Had the claim been certified, it would not have met the gatekeeping requirements under section 2255(h) on this Court's review under 28 U.S.C. § 2244(b)(4), because this Court is bound by the First Circuit's decision in *Hunter v. United States*, 873 F.3d 388 (1st Cir. 2017) (holding that federal bank robbery and federal armed bank robbery are crimes of violence under the force clause of section 924(c)(3)). *Hunter* forecloses a *Johnson* claim as to both Count 1 and Count 2.

  Petitioner also includes several additional claims the First Circuit did not authorize and that are not addressed further in this recommended decision. Some of the additional claims are related to Petitioner's career offender status, including the claims that Petitioner's prior non-residential burglary offenses are not valid career offender predicates; that prior concurrent sentences should count as a single prior offense; that convictions entered more than 15 years ago should not have counted; that an offense in which Petitioner's role was driver should not have counted; that an offense involving conduct that did not include entering a structure should not have counted; and that Petitioner is entitled to relief under *Descamps v. United States,* 570 U.S. 254 (2013), and *Alleyne v. United States*, 570 U.S. 99 (2013). (Motion at 5.) Petitioner's motion also asserts a claim based on his alleged mental incompetence at trial. (*Id.*) This Court previously addressed and rejected, as an unauthorized second or successive section 2255 motion, a freestanding claim and a related ineffective assistance claim in which Petitioner alleged mental incompetence at trial. (Recommended Decision, ECF No. 138; Order Affirming, ECF No. 142.) (*Brichetto v. United States*, No. 11-1452 (1st Cir. June 17, 2011) (denying authorization for a second or successive section 2255 motion).)

dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section." *See Moore*, 871 F.3d at 85 (citing section 2244(b)(4)).

When a second or successive claim is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," pursuant to section 2255(h)(2), a petitioner "must 'make [] a prima facie showing,'" pursuant to section 2244(b)(3)(C), that the claim actually relies on the new rule of constitutional law. 871 F.3d at 78. A motion does not meet gatekeeping requirements for certification if "'it is clear as a matter of law, and without the need to consider contested evidence, that the petitioner's identified constitutional rule does not apply to the petitioner's situation.'" *Moore*, 871 F.3d at 79 (quoting *Evans-García v. United States*, 744 F.3d 235, 240 (1st Cir. 2014)).

The First Circuit held in *Dimott v. United States*, 881 F.3d 232 (1st Cir. 2018), *cert. denied*, *sub nom Casey v. United States*, 138 S. Ct. 2678 (2018), that a petitioner who cannot show the sentence was based solely on the residual clause does not present a *Johnson* claim. 881 F.3d at 243 ("We hold that to successfully advance a [*Johnson*] claim on collateral review, a habeas petitioner bears the burden of establishing that it is more likely than not that he was sentenced solely pursuant to ACCA's residual clause."); *United States v. Dancy*, 640 F.3d 455, 466 n.9 (1st Cir. 2011) ("We have held that 'the terms "crime of violence" under the career offender Guideline and "violent felony" under the ACCA are nearly identical in meaning, so that decisions construing one term inform the construction of the other.'") (quoting *United States v. Willings*, 588 F.3d 56, 58 n.2

(1st Cir. 2009)). In *Dimott*, therefore, the First Circuit explained the burden a petitioner must meet, particularly with a sentencing and habeas record that is silent as to whether the sentencing court relied on the residual clause, before the Court may address the merits of a *Johnson* claim. *Id.* at 240-43. Although *Dimott* did not involve a second or successive review,[8] the Court's reasoning in *Dimott* is relevant to the threshold question of whether a petitioner can sustain a *Johnson* challenge to a career offender finding under the guidelines; if a petitioner cannot demonstrate the sentence was based solely on the residual clause, *Johnson* does not apply, *Dimott*, 881 F.3d at 234, and the case does not meet the gatekeeping requirements of sections 2244(b)(2) and 2255(h)(2), *Moore*, 871 F.3d at 79. The preliminary issue in this case is thus whether the Court relied solely upon the residual clause of the guidelines when it concluded Petitioner was a career offender.

As was the case regarding the ACCA sentences of each of the three petitioners in *Dimott*, 881 F.3d at 234-35, the record of Petitioner's sentencing under the guidelines does not reflect under which clause of the career offender guideline−enumerated or residual−Petitioner's sentence was enhanced. (Sentencing Tr. at 32-34.) In *Dimott*, the reviewing judge in the habeas petitions of petitioners Dimott and Collamore had presided at sentencing and found as fact on collateral review that the sentences were pursuant to the enumerated offenses clause; the First Circuit concluded that Dimott's and Collamore's petitions therefore did not raise *Johnson* challenges. 881 F.3d at 236-37.

---

[8] *Dimott v. United States*, 881 F.3d 232, 233-34 (1st Cir. 2018), *cert. denied*, *sub nom Casey v. United States*, 138 S. Ct. 2678 (2018)), was a consolidated appeal involving three petitioners who had filed initial section 2255 motions.

The First Circuit concluded the factual record in both the sentencing and habeas proceedings was silent as to whether the third petitioner, Casey, was sentenced solely under the residual clause. *Id.* at 238. The First Circuit noted that this Court denied Casey's section 2255 motion based on a finding that the claim was procedurally defaulted, and "Casey failed to demonstrate that his procedural default would unfairly prejudice him '[b]ecause extant First Circuit caselaw holds that Casey's prior Maine burglary convictions remain qualifying *enumerated* violent felonies even after *Johnson's* invalidation of the residual clause.'" *Id.* at 235. The First Circuit held that, with a silent factual record at sentencing and in the habeas proceeding, Casey had not met his burden to establish he was sentenced solely under the residual clause. *Id.* at 243. "Accordingly, we find Casey's petition, which−like those of Dimott and Collamore−relies solely on the non-retroactive decision in [*Mathis v. United States*, --- U.S. ---, 136 S. Ct. 2243 (2016)], untimely." *Id.*

In Petitioner's case, as in Casey's, the sentencing record is silent as to whether Petitioner's career offender sentence was under the residual clause or the enumerated offenses clause. Notably, at Petitioner's sentencing, the Court relied in part on paragraphs of the revised presentence investigation report (Report, ¶¶ 28, 29) that alleged two prior residential burglaries, and Petitioner did not object. (Sentencing Tr. at 32, 34.) *See Shepard v. United States*, 544 U.S. 13, 16 (2005) (holding a sentencing court may examine, among other things, "any explicit factual finding by the trial judge to which the defendant assented" in determining "whether an earlier guilty plea necessarily admitted, and supported a conviction for, generic burglary"); *In re Hires*, 825 F.3d 1297, 1302 (11th Cir. 2016) ("In determining the nature of a defendant's prior convictions and whether

to classify the defendant as an armed career criminal under the ACCA, the sentencing court may rely on *Shepard*-approved documents and any undisputed facts in the presentence investigation report."). At least two of the prior burglaries would appear to qualify as career offender predicates under the enumerated offenses clause.

Furthermore, as with petitioner Casey's habeas record in *Dimott*, there is no factual finding in Petitioner's prior habeas record that establishes Petitioner was sentenced solely under the residual clause. Petitioner relies on this Court's 2006 decision on collateral review to meet his burden under *Dimott*.[9] In particular, Petitioner relies on this Court's reference to *Rodriguez*, which involved a career offender determination under the residual clause, for his claim that he was sentenced under the residual clause. This Court wrote in its 2006 decision:

> Brichetto . . . claims that his attorney erred by not arguing that his Maine burglary conviction was not a crime of violence and, therefore, not a predicate crime under the career offender guideline. The law is clear that a conviction under the Maine burglary [statute] is a crime of violence. *See United States v. Rodriguez*, 311 F.3d 435, 438-439 (1st Cir. 2002) (conviction under Maine burglary statute is a crime of violence). Thus, there was no basis upon which counsel could have challenged Brichetto's prior Maine burglary convictions.

---

[9] In this Court's 2006 decision, it addressed, among other claims, Petitioner's freestanding claim that "the Court erroneously determined that prior convictions were crimes of violence and not submitting the question to the jury," and Petitioner's claim that counsel was ineffective for the failure to object to Petitioner's career offender status. (*Brichetto v. United States*, No. 2:06-cv-00057-GC, Order, ECF No. 12 at 2, 9.) *Brichetto v. United States*, No. 2:06-cv-00057-GC, 2006 WL 3545001, at *1, 5, 2006 U.S. Dist. Lexis 89456, at *3, 15 (D. Me. Dec. 8, 2006). The Court concluded the freestanding claim was procedurally defaulted because Petitioner failed to raise it on appeal (citing *United States v. Frady*, 456 U.S. 152, 165 (1982)); because he failed to allege cause for the procedural default; and because he failed to argue the "'fundamental miscarriage of justice' exception to procedural default, namely, that he is actually innocent" (citing *Schlup v. Delo*, 513 U.S. 298, 321 (1995)). (*Brichetto*, No. 2:06-cv-00057-GC, Order, ECF No. 12 at 3.) *Brichetto*, No. 2:06-cv-00057-GC, 2006 WL 3545001, at *1, 2006 U.S. Dist. Lexis 89456, at *3-4.

(*Brichetto v. United States*, No. 2:06-cv-00057-GC, Order, ECF No. 12 at 9-10.) *Brichetto*, 2006 WL 3545001, at *5, 2006 U.S. Dist. Lexis 89456, at *15 (D. Me. Dec. 8, 2006).

This Court's reference to *Rodriguez* does not constitute a record finding, and therefore the reference does not alter the fact that the record is silent as to which clause of USSG 4B1.2(a)(2) rendered the prior offenses career offender predicates. The mere fact that the Court cited *Rodriguez* cannot be deemed as an acknowledgement or determination that at sentencing, the residual clause governed the Court's finding that Petitioner was a career offender. In short, the Court's reference to *Rodriguez* in its rejection of Petitioner's ineffective assistance argument cannot reasonably be construed as a finding that Petitioner was sentenced solely under the residual clause.[10]

Given the silent record on the issue, the fact that the presentence report upon which the Court relied at sentencing identified two prior qualifying convictions under the enumerated offenses clause, and the lack of any other reliable evidence to suggest the Court's career offender determination was based solely on the residual clause, Petitioner cannot maintain a *Johnson* claim. As in *Dimott*, therefore, this Court need not address the merits of Petitioner's *Johnson* claim (here, whether *Johnson* applies to Petitioner's pre-

---

[10] Because Petitioner has failed to meet his burden under *Dimott*, 881 F.3d at 243, to demonstrate, as a matter of fact, that he was sentenced solely under the residual clause, the analysis ends there, and the Court need not independently analyze whether Petitioner was properly sentenced under either the force clause, or, as relevant here, the enumerated offenses clause.

However, if the Court determines the analysis is necessary to the decision, Petitioner's prior Maine "residential" burglaries, which the revised presentence investigation report reflects were burglaries of individuals' homes, qualified as career offender predicates under the enumerated offenses clause of the version of USSG § 4B1.2 in effect at his sentencing in 2004. *See United States v. Wiese*, 896 F.3d 720, 724 (5th Cir. 2018) (revised) ("We join the majority of our sister circuits in concluding that we must look to the law at the time of sentencing to determine whether a sentence was imposed under the enumerated offenses clause or the residual clause.") (citing, *inter alia*, *Dimott*).

13

*Booker* sentence); Petitioner would not be entitled to relief, regardless of how the issues identified in *Moore* are eventually decided. *See United States v. Hall*, No. 2:02-cr-00063-DBH (D. Me. Dec. 21, 2017) (Recommended Decision, ECF No. 79 at 5; Order Affirming, ECF No. 80) (noting the issue of whether *Johnson* invalidates the pre-*Booker* sentencing guidelines residual clause has not been decided, but it need not be resolved in Hall's case, because regardless of how the Court ruled on the issue, the petitioner would qualify as a career offender under the force clause.) *Hall v. United States*, 2017 WL 6045423 (D. Me. Dec. 6, 2017) (recommended decision). Petitioner's *Johnson* claim thus fails.

In the absence of a *Johnson* claim, Petitioner's motion fails to meet the requirement, set forth in section 2255(h)(2), that the motion rely on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See United States v. Murphy*, 887 F.3d 1064, 1068 n.1 (10th Cir. 2018) (noting that "'in the context of a [§] 2255 motion, the phrase "the requirements of this section" in [§] 2244(b)(4) refers to the requirements set out in [§] 2255'") (quoting *United States v. Villa-Gonzalez*, 208 F.3d 1160, 1164 n.4 (9th Cir. 2000)); *United States v. Wiese*, 896 F.3d 720, 726 (5th Cir. 2018) (revised) (holding "the district court did not have jurisdiction to reach the merits" of a *Johnson* motion, because "*Johnson* only applied to the residual clause and cannot be used to attack sentences under

the enumerated offenses clause").[11] Dismissal of the section 2255 motion, therefore, is warranted.

## 2. The motion to strike

Petitioner moves to strike *Shepard* documents offered by the Government on collateral review; the documents were not part of the sentencing record. (Attachments to Response, ECF Nos. 177-2, 177-3; Motion to Strike, ECF No. 181 at 2.) The documents consist of, among other things, copies of the indictments, each of which alleges the burglary was of a dwelling place; and the judgments, which, because they reflect the crime in each case was a "Class B" burglary, are consistent with burglary of a dwelling place under the statute alleged in the indictments: 17-A M.R.S. § 401. (ECF Nos. 177-2, 177-3.)

Petitioner alleges the documents were "altered and/or redacted." (Motion to Strike at 2.) The Government represents that it redacted certain personal identifying information about Petitioner and the victims, pursuant to Fed. R. Crim. P. 49.1. (Response to Motion to Strike, ECF No. 182 at 5.)

The Court has the authority to expand the record on collateral review, pursuant to Rule 7 of the Rules Governing Section 2255 Motions. *See* Advisory Committee Notes to 2004 Amendments ("Revised Rule 7(a) is not intended to restrict the court's authority to expand the record through means other than requiring the parties themselves to provide the information.") The records at issue (ECF Nos. 177-2, 177-3), however, are not necessary

---

[11] The First Circuit "express[ed] no opinion as to the merits of petitioner's claim, nor as to whether petitioner's claim is timely and/or procedurally defaulted." (*Brichetto*, No. 16-1796 (1st Cir. Nov. 30, 2017).) If the Court agrees with this recommended decision that Petitioner does not have a *Johnson* claim, the Court need not decide the issues of timeliness or procedural default.

15

to the decision, because Petitioner has the burden, under *Dimott*, 811 F.3d at 243, to demonstrate he was sentenced solely under the residual clause; the Government does not have the burden to establish Petitioner was sentenced under some other clause of the career offender guideline. Accordingly, although Petitioner's motion to strike would fail on the merits because Petitioner alleges no alteration or redaction other than those the Government represents were required under Fed. R. Crim. P. 49.1, the motion to strike should be dismissed as moot.[12]

### III. CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. I recommend that the Court deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255. I also recommend the Court dismiss as moot the motion to strike. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

### NOTICE

> A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

---

[12] Alternatively, if the Court determines it must analyze whether Petitioner's prior burglaries qualified as career offender predicates under the enumerated offenses clause of the version of USSG § 4B1.2 in effect at his sentencing in 2004, the Court may deny the motion to strike, expand the record, and consider the documents (ECF Nos. 177-2, 177-3).

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 10th day of September, 2018.